

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00496-CR

KEENON JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2010-426,671, Honorable Jim Bob Darnell, Presiding

July 19, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Keenon Jones, was convicted by a jury of the offense of aggravated robbery[1] and, pursuant to his election to have the trial court assess punishment, following a hearing on punishment, was sentenced to confinement in the Institutional Division of the Texas Department of Criminal Justice for life. We affirm.

---

[1] See TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).

Appellant's attorney has filed an <u>Anders</u> brief and a motion to withdraw.  <u>Anders</u> <u>v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967).  In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  <u>Id</u>. at 744–45.  In compliance with <u>High v. State</u>, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment.  Additionally, counsel has certified that he has provided appellant a copy of the <u>Anders</u> brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter.  <u>Stafford v. State</u>, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991).  The Court has also advised appellant of his right to file a *pro se* response.  Appellant has filed a response.  By his <u>Anders</u> brief, counsel reviewed all grounds that could possibly support an appeal, but concludes the appeal is frivolous.  We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal.  <u>See</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); <u>Bledsoe v. State</u>, 178 S.W.3d 824 (Tex.Crim.App. 2005).  We have found no such arguable grounds and agree with counsel that the appeal is frivolous.

In his response to the <u>Anders</u> brief, appellant contends that the question of the admissibility of certain telephone conversations recorded while he was incarcerated in the Dallas County Jail was properly preserved for appeal and presents an arguable issue for appeal. To support this position, appellant contends that his appellate counsel admitted that there are no Texas cases addressing this issue and, therefore, this

presents an arguable issue. Appellant is in error in his contention. In the case of Banargent v. State, 228 S.W.3d 393, 403–04 (Tex.App.—Houston [14th Dist.] 2007, pet. denied), our sister court addressed this specific issue. The court held that, as long as the appellant had notice that jail calls may be recorded, there is no violation of the Texas Penal Code prohibition against the recording of an electronic communication. See id. at 404; see also TEX. PENAL CODE ANN. § 16.02(c)(3)(A) (West Supp. 2012). Having reviewed the entire record and found that appellant was given notice that jail calls may be recorded, we are convinced that this is not an arguable issue.

Accordingly, counsel's motion to withdraw is hereby granted, and the trial court's judgment is affirmed.[2]

Mackey K. Hancock
Justice

Do not publish

---

[2] Counsel shall, within five days after this opinion is handed down, send his client a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. See TEX. R. APP. P. 48.4.